**JIENG BIN LI, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

Nos. 06–3040–ag (L), 06–4159–ag (con).

United States Court of Appeals,
Second Circuit.

March 2, 2007.

Jay Ho Lee, New York, NY, for Petitioner.

Gregory R. Miller, United States Attorney for the Northern District of Florida, E. Bryan Wilson, Assistant United States Attorney, Tallahassee, FL, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Jieng Bin Li, a citizen of China, seeks review of an August 11, 2006 order of the BIA denying his motion to reconsider its June 2, 2006 denial of his motion to reissue its May 26, 2005 order dismissing his appeal. *In re Jieng Bin Li*, No. A77 353 829 (B.I.A. Aug. 11, 2006). He also seeks review of the BIA's June 2, 2006 denial of his motion to reissue. *In re Jieng Bin Li*, No. A77 353 829 (B.I.A. June 2, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

A motion to reissue a previous decision is treated as a motion to reopen. *Cf. Jin Bo Zhao v. INS*, 452 F.3d 154, 156 (2d Cir.2006) (per curiam). This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34.

Pursuant to the Immigration and Nationality Act, proper service consists of physically presenting or mailing a document to the appropriate party or parties. 8 C.F.R. § 1003.13. When served by regular mail, as in this case, a rebuttable presumption of receipt arises so long as the record establishes that the document was accurately addressed and mailed in accordance with normal office procedures. *See Lopes v. Gonzales*, 468 F.3d 81, 85 (2d Cir.2006).

 In this case, the record contains a copy of the BIA transmittal memo, properly addressed to Li's counsel, and a copy of the BIA decision, dated May 26, 2005. However, the copy of the transmittal memo in the certified administrative record is stamped, showing that it was received at the "Immigration Court, NYC" on October 5, 2005. This suggests that the only evidence of "contemporaneous" mailing was placed in Li's file well after the BIA issued its decision on May 26, 2005. Thus it is not clear that the presumption of receipt applies in this case, because the evidence that the BIA's decision was "accurately addressed and mailed in accordance with normal office procedures" is uncertain at best. *See Lopes*, 468 F.3d at 85.

Even assuming that a presumption of receipt applies in this case, Li has introduced sufficient evidence to rebut such a presumption. Li does not rely on a "bare affidavit." *See id.* Instead, he supple-

ments his own detailed affidavit with an affidavit from counsel, stating that his office never received the BIA's decision. Li also points to counsel's two motions to reissue, both of which indicated that counsel "never received the written decision by the Board."[1] Moreover, Li notes that the only copy of the BIA decision in the certified administrative record appears to have been placed in the file significantly after May 2005.

 Accordingly, the BIA abused its discretion by failing to consider Li's evidence of non-receipt. *Cf. Tian Ming Lin v. U.S. Dep't of Justice*, 473 F.3d 48, 51 (2d Cir.2007) (per curiam) (criticizing the BIA for failing to consider documents "too important to ignore"); *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 149 (2d Cir.2003) (noting that we excuse the BIA's failure to consider factual assertions only where they are too insignificant to warrant discussion).

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

---

1. The record does not explain why the BIA never responded to this first motion to reissue.