**LI YING CHEN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 08–0741–ag.

United States Court of Appeals, Second Circuit.

Jan. 8, 2009.

Robert J. Adinolfi, New York, New York, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Blair T. O'Connor, Assistant Director, Joan Hogan, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Hon. RICHARD C. WESLEY, Circuit Judges.

*Rabiu v. INS,* 41 F.3d 879, 882–83 (2d Cir. 1994).

## SUMMARY ORDER

Li Ying Chen, a native and citizen of the People's Republic of China, seeks review of a January 31, 2008 order of the BIA denying her motion to reissue. *In re Li Ying Chen,* No. A76 505 775 (B.I.A. Jan. 31, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the agency's denial of a motion to reissue for abuse of discretion. *See Ping Chen v. U.S. Att'y Gen.,* 502 F.3d 73, 75 (2d Cir.2007). As the Government argues, this case is controlled by *Ping Chen,* in which the applicant asked the BIA to reissue its decision because she allegedly did not receive it or even learn of it for several months after its issuance. *Id.* at 74. The BIA denied the motion on the ground that the decision was correctly mailed to the applicant's address of record. *Id.* at 75. In upholding the BIA's decision, we held that, "once the BIA has performed its duty of serving the order, the time for appeal and motions to reopen begins to run, even if the order miscarries in the mail or the alien does not receive it *for some other reason that is not the BIA's fault." Id.* at 76–77 (emphasis added). Here, the BIA correctly mailed its decision to the address that Chen's attorney's listed on the Notice of Entry of Appearance (Form EOIR–27) filed with the motion to reopen, and Chen did not inform the BIA of any change of address prior to the decision. Thus, the BIA's denial of Chen's motion to reissue was not an abuse of discretion. *See id.* at 77.

Chen also argues that we should remand or take jurisdiction to consider her case in light of our decisions in *Zhi Yun Gao v. Mukasey,* 508 F.3d 86, 87–88 (2d Cir.2007) and *Shou Yung Guo v. Gonzales,* 463 F.3d 109, 115 (2d Cir.2006). For the reasons we addressed in *Xiao Xing Ni v. Gonzales,* we decline to do so. *See* 494 F.3d 260, 262–72 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).