Alla NETSAJEVA, Igor Netsajev, Igor Shahvorostov, Petitioners,

v.

Eric H. HOLDER Jr., United States Attorney General,* Respondent.

No. 08–2051–ag.

United States Court of Appeals, Second Circuit.

April 9, 2009.

Alexander J. Segal, The Law Office of Grinberg & Segal, New York, NY, for Petitioners.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, Susan Bennett Green, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. RICHARD C. WESLEY and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioners Alla Netsajeva, Igor Netsajev, and Igor Shahvorostov, former residents of Estonia and citizens of the former Soviet Union, seek review of a March 27, 2008 order of the BIA denying their mo-

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

tion to reissue. *In re Alla Netsajeva, Igor Netsajev, Igor Shahvorostov,* Nos. A78 206 467,468,469 (B.I.A. Mar. 27, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

A motion to reissue is treated as a motion to reopen; we therefore review the denial of a motion to reissue for abuse of discretion. *See Ping Chen v. U.S. Att'y Gen'l,* 502 F.3d 73, 75 (2d Cir.2007). Under 8 C.F.R. § 1003.2(c)(2), an applicant may file only one motion to reopen her proceedings, and that motion must be filed within 90 days of the entry of the final decision in the underlying proceeding. However, both the BIA and this Court have held that the time and numerical limitations may be equitably tolled where a motion to reopen is based on a claim of ineffective assistance of counsel. *See Jin Bo Zhao v. INS,* 452 F.3d 154, 156–59 (2d Cir.2006); *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (B.I.A.1988).

■ The BIA did not abuse its discretion in denying Petitioners' motion. Petitioners bore the burden of proving that they exercised due diligence in the period that elapsed between the point at which they discovered, or should have discovered, their former attorney's ineffective assistance, and the filing of their motion to reissue. *Jian Hua Wang v. BIA,* 508 F.3d 710, 715 (2d Cir.2007). Moreover, they were required to demonstrate due diligence in the period prior to their discovery of the ineffective assistance. *See Rashid v. Mukasey,* 533 F.3d 127, 132 (2d Cir. 2008).

Petitioners have never explained what efforts they made to contact their former attorney or ascertain the status of their case in the more than three years that elapsed between the filing of their petitions for review from the BIA's denial of their first motion to reopen and their re-

tention of new counsel. *See id.* They have thus failed to establish that they exercised due diligence prior to their discovery of their former attorney's ineffective assistance. *See id.*

Petitioners contend that they did not realize the full extent of their former attorney's ineffective assistance until they obtained a copy of their case file, which their former counsel refused to provide and which their new counsel eventually obtained from the government's attorney. However, Petitioners were clearly aware of their former attorney's ineffective assistance by August 2006 when they filed motions in this Court to reinstate their petitions and submitted documentation establishing that they had filed a complaint against him with the Grievance Committee of the Supreme Court of the State of New York. Furthermore, Petitioners' new counsel had obviously obtained a copy of their case file sometime before March 28, 2007, when he filed briefs on their behalf in this Court, which included numerous page references to the record. Nonetheless, Petitioners did not file their motion to reissue until October 2007, more than a year after they filed their motions to reinstate their petitions for review and seven months after they filed their briefs. *See Jian Hua Wang v. BIA,* 508 F.3d 710, 715 (2d Cir.2007) (finding that petitioner failed to establish due diligence where motion to reopen based on ineffective assistance was not filed until eight months after petitioner's new counsel received his file through a FOIA request). Given these circumstances, the BIA did not abuse its discretion in finding that Petitioners failed to exercise due diligence. *See Rashid,* 533 F.3d at 132; *Jian Hua Wang,* 508 F.3d at 715.

■ Even if Petitioners had exercised due diligence, they failed to meet the filing requirements for an ineffective assistance of counsel claim set forth by the BIA in

*Matter of Lozada.* Under *Matter of Lozada,* a movant seeking equitable tolling based on ineffective assistance of counsel must submit: (1) an affidavit setting forth in detail the agreement with former counsel concerning his representation of the movant; (2) proof that former counsel was notified of the allegations of ineffective assistance and afforded an opportunity to respond; and (3) proof that the movant has filed a complaint against her former counsel with the relevant disciplinary body or an explanation for her failure to do so. 19 I. & N. Dec. at 639. Petitioners submitted the required documentation when they filed their motions to reinstate their petitions for review in this Court in August 2006. However, they neglected to submit this documentation to the BIA when they filed their motion to reissue.

Accordingly, the BIA did not abuse its discretion in denying Petitioners' motion based on their failure to comply with *Matter of Lozada. See Jian Yun Zheng v. U.S. Dep't of Justice,* 409 F.3d 43, 47 (2d Cir.2005) (holding that an alien who has failed to comply substantially with *Matter of Lozada* forfeits her ineffective assistance of counsel claim in this Court).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).