SUMMARY ORDER

Petitioner Binta Jalloh, a native and citizen of Sierra Leone, seeks review of an April 27, 2007 order of the BIA denying her motion to reopen her removal proceed *82 ings. In re Binta Jalloh, No. A 95 368 476 (B.I.A. Apr. 27, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the denial of a motion to reopen for abuse of discretion.[2] See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA’s decision “provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or eonclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.” Id. at 233-34.
Jalloh’s motion to reopen was untimely, where it was filed more than two years after her 2004 final order of removal. See 8 C.F.R. § 1003.2(c)(2). In some circumstances, the time limitation may be equitably tolled to accommodate claims of ineffective assistance of counsel. See Cekic v. INS, 435 F.3d 167, 170 (2d Cir.2006). Here, the BIA erred in finding that Jalloh failed to establish due diligence in pursuing her ineffective assistance of counsel claim where she filed a FOIA request when she first discovered the alleged ineffective assistance of counsel and began pursuing her motion to reopen soon after she received the results of her FOIA request. Cf. Jian Hua Wang v. BIA, 508 F.3d 710, 715 (2d Cir.2007) (finding that due diligence is analyzed from the time that the ineffective assistance was or should have been discovered).
Nevertheless, despite that error, remand would be futile where the BIA did not abuse its discretion in finding that Jalloh failed to demonstrate that she was prejudiced by her former attorney’s ineffective assistance. See Rabiu v. INS., 41 F.3d 879, 882 (2d Cir.1994); In re Compeau, 24 I. & N. Dec. 710, 734 (A.G.2009) (indicating that the petitioner must show that “it is more likely than not that [she] would have been entitled to the ultimate relief [she] was seeking” but for the attorney’s deficient performance). As the BIA found, Jalloh failed to present any evidence supporting her claim based on her alleged, female circumcision. Thus, without a showing of prejudice, Jalloh’s ineffective assistance of counsel claim fails. See Rabin, 41 F.3d at 882; see also In re Compean, 241. & N. Dec. at 734.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. Although Jalloh's motion was also styled a motion to reissue, the basis for the motion was the alleged ineffective assistance of former counsel as opposed to non-receipt of an agency decision. Cf. Ping Chen v. U.S. Att'y Gen., 502 F.3d 73, 75 (2d Cir.2007) (per curiam). Thus, we refer to the motion as a motion to reopen.