Liu v. Holder

BIA
A 078 317 496

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of February, two thousand ten.

PRESENT:

ROBERT D. SACK,
REENA RAGGI,
RICHARD C. WESLEY,
*Circuit Judges*.

_____

JIN YAO LIU, a.k.a. JINYAO LIU,
*Petitioner*,

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
*Respondent*.

_____

09-1871-ag
NAC

FOR PETITIONER: Joan Xie, New York, NY.

FOR RESPONDENT: Tony West, Assistant Attorney General, Civil Division; Daniel E. Goldman, Senior Litigation Counsel; Matthew A. Spurlock, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Jin Yao Liu, a native and citizen of the People's Republic of China, seeks review of an April 20, 2009 order of the BIA denying his motion to reopen his removal proceedings. *In re Jin Yao Liu*, No. A 078 317 496 (B.I.A. Apr. 20, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). We find that the BIA did not err in denying Liu's untimely motion to reopen. An alien may only file one motion to reopen and must do so within 90 days of the agency's final administrative decision. 8 C.F.R. § 1003.2(c)(2). However, the deadline may be equitably tolled to accommodate claims of ineffective assistance of counsel, so long as the movant has exercised "due diligence" in vindicating his or her rights. *See Cekic v. INS*, 435 F.3d 167, 171 (2d Cir. 2006).

Liu asserts that he was prejudiced by the failure of his former attorney to appear at his hearing. However, the BIA agreed that Liu showed prejudice, but found that he failed to exercise due diligence in pursuing his claim. *See Cekic*, 435 F.3d at 170-71. As the BIA found, Liu filed his second motion to reopen nearly four years after its prior decision and "did not take any apparent action until sometime in 2008." Therefore, despite Liu's showing of prejudice, the BIA did not err in finding that his failure to exercise due diligence precluded him from succeeding on his ineffective assistance of counsel claim. *See id.* at 170.

Liu argues that he could not have been aware of his former attorneys' failure to properly pursue a motion to reopen based on ineffective assistance of counsel under *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988), before 2008. But the BIA's December 2004 decision affirming the IJ's denial of Liu's first motion to reopen stated that Liu "has not presented a claim of ineffective assistance of counsel that is compliant with our decision in *Matter of Lozada*." The BIA mailed a copy of its decision to Mr. Yu in December 2004, and therefore it reasonably found that Liu

3

should have discovered the ineffective assistance of his prior attorneys "a short time after the Board's December 9, 2004" decision. *See Ping Chen v. U.S. Attorney Gen.*, 502 F.3d 73, 77-78 (2d Cir. 2007). The BIA therefore did not abuse its discretion in finding that Liu failed to exercise due diligence in pursuing his claim where he waited four years to file his motion to reopen and provided no evidence indicating that he took any action during the period he sought to toll. *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4