06-3594-ag
Chen v. U.S. Attorney General

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2006

(Argued: June 11, 2007          Decided: September 11, 2007)

Docket No. 06-3594-ag

------------------------------------------------x

PING CHEN,

                    Petitioner,

          -- v. --

U. S. ATTORNEY GENERAL,

                    Respondent.

------------------------------------------------x

B e f o r e:    JACOBS, Chief Judge, WESLEY, and JOHN R. GIBSON,[*]
                Circuit Judges.


     Petition for review of an order of the Board of Immigration

Appeals denying a motion to reopen.  We deny review.

                         STUART ALTMAN, Law Offices of Yu &
                         Associates, PLLC., New York, New York,
                         for Petitioner.

                         STUART S. NICKUM, United States
                         Attorney, Department of Justice, Civil
                         Division, Washington, D.C. for
                         Respondent.


PER CURIAM.

---

     [*] The Honorable John R. Gibson, Circuit Judge, United States
Court of Appeals for the Eighth Circuit, sitting by designation.

Ping Chen petitions for review of the decision of the Board of Immigration Appeals denying her motion to reissue the BIA's decision that denied her asylum claim. She contends that she did not receive the asylum decision and removal order in the mail and she therefore seeks reissuance of the decision so that the time for petitioning for review of the asylum decision will run anew from the date of reissuance. We deny review.

Ping Chen applied for asylum in this country on the ground that she feared persecution in her native China on account of her involvement in Falun Gong. After a hearing, an Immigration Judge denied her application, finding it frivolous because of a plethora of contradictions between her hearing testimony, her previous statements, and other evidence. The IJ ordered her removed. Ping Chen appealed to the BIA, which affirmed the IJ's opinion on February 17, 2006.

On June 9, 2006, Ping Chen filed a motion asking the BIA to reissue the decision because Ping Chen did not receive the decision or learn of it until May 2006. She filed her own affidavit and that of a relative with whom she lives, stating that she had not received the "decision dated September 26, 2005" at her home address of 1450 S. Country Club Drive in Mesa, Arizona. As mentioned above, the date of the BIA order was February 17, 2006, not September 26, 2005 (which is the date of an unrelated letter from the BIA to Chen). The Administrative

2

Record before us contains a cover letter for mailing the BIA decision, addressed to Ping Chen at the 1450 S. Country Club address and dated February 17, 2006.

A motion to reissue is treated as a motion to reopen. Tobeth-Tangang v. Gonzales, 440 F.3d 537, 539 n.2 (1st Cir. 2006); see Jin Bo Zhao v. INS, 452 F.3d 154, 157 (2d Cir. 2006). When the BIA has applied the correct law, we review the BIA's disposition of a motion to reopen for abuse of discretion. Maghradze v. Gonzales, 462 F.3d 150, 152 (2d Cir. 2006). The BIA abuses its discretion if its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements. Id. at 153. The BIA also abuses its discretion when it fails to consider the facts of record relevant to the motion. Lopes v. Gonzales, 468 F.3d 81, 85-86 (2d Cir. 2006). We review the BIA's findings of fact under the substantial evidence standard. Maghradze, 462 F.3d at 153.

The law requires that a petition for review must be filed no later than thirty days after the date of the final order of removal, 8 U.S.C. § 1252(b)(1), and that motions to reopen must be filed within ninety days of the removal order, subject to exceptions that are not applicable here, 8 U.S.C. § 1229a(c)(7)(C). The Attorney General argues that we have no jurisdiction to review the BIA's denial of the motion in this

3

case because the motion was not filed within the ninety-day time limit for filing motions to reopen. The Attorney General contends that a motion filed out of time is directed to the BIA's discretion and the denial is nonreviewable, citing Ali v. Gonzales, 448 F.3d 515, 518 (2d Cir. 2006) (per curiam).

However, Ping Chen's motion pursues a theory pursuant to which her motion could be timely and the denial of her motion reviewable. Ping Chen's motion to reopen could be timely if she established that the BIA had failed to serve her with the removal order. The thirty days for filing a petition for review of the removal order, and by the same reasoning, the ninety days for filing a motion to reopen, do not begin to run until the BIA has complied with its regulations requiring service of the BIA's decision on the petitioner. See Zaluski v. INS, 37 F.3d 72, 73 (2d Cir. 1994).

The BIA denied Ping Chen's motion to reissue because it found that the decision was correctly mailed to Ping Chen's address of record. Thus, the jurisdictional question concerning whether there was proper service so as to start the clock for review coincides with the substantive question the BIA decided when it determined there was no basis for reissuing its decision; both the jurisdictional and the substantive questions hinge on whether the BIA properly mailed the order. We must therefore determine whether Ping Chen's affidavits stating that she did not

4

receive the "decision dated September 26, 2005" either compelled the BIA to find that the order was not properly served or else required it to explain how it reconciled its finding with Ping Chen's affidavits.

Ping Chen cites Lopes v. Gonzales, 468 F.3d 81 (2d Cir. 2006), in which an alien moved to reopen his removal proceedings on the ground that he never received a Notice to Appear and thus never had notice of the removal proceedings until after entry of an in absentia removal order against him. Lopes sought relief under 8 U.S.C. § 1229a(b)(5)(C)(ii), which provides that an alien subject to an in absentia order who did not "receive" a Notice to Appear or notice of a hearing may move to reopen his case and rescind the in absentia order that resulted from the failure of notice. Accordingly, actual receipt, rather than proper service, is the central issue in determining whether there is a right to rescission in in absentia proceedings. Lopes, 468 F.3d at 84. We approved the BIA's use of a rebuttable presumption of receipt, which arises when "the record establishes that the notice was accurately addressed and mailed in accordance with normal office procedures."[1] Id. at 85. We held that although an affidavit of

---

[1]The BIA had originally crafted the presumption of receipt in cases in which the notice of deportation had been sent by certified mail. That strong presumption could not be rebutted by a "bald and unsupported denial of receipt," but only by "substantial and probative evidence such as documentary evidence from the Postal Service, third party affidavits, or other similar evidence demonstrating that there was improper delivery." Matter

non-receipt might be insufficient by itself to rebut the presumption of receipt, when considered together with other record evidence, it raised a factual issue that the BIA had to address. Id. at 85-86; see Bhanot v. Chertoff, 474 F.3d 71, 74 (2d Cir. 2007) (interpreting Lopes as requiring other evidence in addition to an affidavit of non-receipt). We held that the BIA abused its discretion by failing to consider circumstantial evidence that might have rebutted the presumption of receipt by making it appear unlikely that the alien would have ignored the proceeding if he had received notice of it. Id. at 85-86.

Lopes is not directly relevant to Ping Chen's case because Lopes construes section 1229a(b)(5)(C), concerning in absentia orders, whereas Ping Chen received notice and appeared at her hearing. When the alien has had notice of the proceedings and the hearings, no statute grants a right to relief for failure to receive notice of the BIA's decision. The regulations do require that the BIA must serve its decision on the alien. 8 C.F.R. § 1003.1(f); see 8 C.F.R. § 1292.5 (service may be made on party's

---

of Grijalva, 21 I&N Dec. 27, 37 (BIA 1995). The statute was amended and the notice to appear can now be sent by regular mail. See 8 U.S.C. § 1229(a)(1). While Lopes held that the BIA could use a presumption of receipt even where the notice has been sent by regular mail, the stringent standards for rebutting the Grijalva presumption are not appropriate in a case involving regular mail. Lopes, 468 F.3d at 85. Where the notice was sent by regular mail, the BIA must consider all relevant evidence, including evidence that would not meet the Grijalva standard. Id.

6

attorney or representative of record). However, service of an order requires either "physically presenting or mailing a document to the appropriate party or parties," and does not require that the party must actually receive the order. See 8 C.F.R. § 1003.13 (service may be by physical presentation or by mailing, except that Orders to Show Cause, Notices of Deportation Hearing, Notices to Appear and Notices of Removal Hearing are subject to heightened service requirements). In Ping Chen's case, therefore, the question is whether the BIA properly served the order on Ping Chen, not whether she actually received it.[2] Once the BIA has performed its duty of serving the order, the time for appeal and motions to reopen begins to run, even if the order miscarries in the mail or the alien does not receive it for some other reason that is not the BIA's fault. Radkov v. Ashcroft, 375 F.3d 96, 99 (1st Cir. 2004).

Though evidence of non-receipt is relevant to show that the order may not have been mailed properly or mailed at all, see Singh v. Gonzales, —F.3d—, 2007 WL 2050954, at *1 (9th Cir. July 19, 2007), it is circumstantial evidence as to that question, whereas it is direct evidence on the question of actual receipt

---

[2]We are aware of two non-precedential opinions in which we applied the presumption of receipt without analysis of whether the relevant question was whether the order had been served or whether it had been received. See Jieng Bin Li v. Gonzales, 219 Fed. Appx. 64 (2d Cir. 2007); Singh v. Gonzales, No. 04-2177, 2007 WL 2012897 (2d Cir. July 10, 2007).

7

that was at issue in Lopes.  Accordingly, in resolving the question of mailing, the BIA may reasonably accord less weight to an affidavit of non-receipt than to its own records establishing that the order was in fact mailed.  It must however, take into account relevant evidence that, considered together with the affidavit of non-receipt, could cast doubt on the accuracy of the BIA's records.  See Alrefae v. Chertoff, 471 F.3d 353, 360 (2d Cir. 2006) (BIA not required to find alien's assertions sufficient to rebut presumption of receipt, but it had to address them).

In this case, the BIA found that "the record reflects that the respondent's decision was correctly mailed to the respondent's address of record."  The Administrative Record contains the order and a cover letter dated February 17, 2006, addressed to Ping Chen's correct address on South Country Club Drive in Mesa, Arizona.  The affidavits of Ping Chen and her relative state that they "never received the decision dated September 26, 2005," which is not the date of the BIA order from which Ping Chen wishes to appeal.  Ping Chen does not point to any irregularity in the BIA's records suggesting service of the February 17, 2006, order was not accomplished as indicated by the cover sheet.

Ping Chen argues before us that there is further relevant, circumstantial evidence.  First, she contends that she had much

8

to lose by letting her appeal time lapse since she had been found to have filed a frivolous asylum application and would therefore be barred from receiving benefits under the immigration laws in the future. She also argues that she brought a motion to reissue promptly upon learning of the adverse decision, which shows that she would have appealed in time if she had received the order. The record shows that she did not present either of these arguments to the BIA, so the BIA can hardly be faulted for failing to address them.

In sum, Ping Chen raises only her relative's affidavit and hers, which state that they did not receive correspondence of a different date than the order from which she desires to appeal. She presented no other evidence to the BIA. There was substantial evidence supporting the BIA's finding that the order was correctly mailed to Ping Chen's address of record, and no relevant evidence the BIA failed to address. It is certainly not the case that "any reasonable adjudicator would be compelled to conclude" that the BIA failed to correctly mail its decision to Chen. See 8 U.S.C. § 1252(b)(4)(B). Therefore, the time for petition for review and motion to reopen began to run on February 17, 2006.

The BIA did not abuse its discretion in denying Ping Chen's motion to reissue. Review is DENIED.

9