Gurcharan SINGH, Petitioner,

v.

Michael B. MUKASEY, Attorney General,* Respondent.

No. 05–1091–ag.

United States Court of Appeals, Second Circuit.

Feb. 25, 2008.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Martin Resendez Guajardo, Law office of Martin Resendez Guajardo, San Francisco, CA, for Petitioner.

John C. O'Quinn, Deputy Associate Attorney General, United States Department of Justice, Washington, D.C., (John F. Wood, United States Attorney, Jerry L. Short, Assistant United States Attorney, United States Attorney's Office for the Western District of Missouri, Kansas City, MO, on the brief), for Respondent.

PRESENT: JOSEPH M. McLAUGHLIN, JOSÉ A. CABRANES, and ROBERT D. SACK, Circuit Judges.

#### SUMMARY ORDER

Petitioner Gurcharan Singh, a native and citizen of India, seeks review of a BIA order denying, as both number-barred and time-barred, his motion to reopen his removal proceedings and declining to reopen removal proceedings *sua sponte*. *In re: Gurcharan Singh*, No. A76 089 273 (B.I.A.

Feb. 9, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Ping Chen v. Att'y Gen.*, 502 F.3d 73, 75 (2d Cir.2007). "The BIA abuses its discretion if its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146 (2d Cir.2007) (internal quotation marks and citation omitted).

We conclude that the BIA did not abuse its discretion in denying Singh's motion as untimely. Motions to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2). Singh does not dispute that his motion for reconsideration was untimely. He also agrees that, generally, we are without jurisdiction to review the BIA's decision not to reopen removal proceedings *sua sponte*. *See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.2006). Nevertheless, he argues that BIA should have reopened the proceedings *sua sponte* because its failure to do so constituted a "miscarriage of justice" where Singh can now prove past persecution on the basis of a polygraph test. This argument is without merit. Because we conclude that the motion for reconsideration was time-barred, we need not consider whether it was also number-barred.

The petition for review is **DISMISSED** for want of jurisdiction insofar as it challenges the BIA's decision not to reopen removal proceedings *sua sponte* and **DENIED** insofar as it challenges the BIA's denial of his motion to reopen.