**LI GAN ZHU, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

**No. 07–2833–ag.**

United States Court of Appeals, Second Circuit.

May 23, 2008.

Theodore N. Cox, New York, NY, for petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Greg D. Mack, Assistant Director; Terri J. Scadron, Senior Litigation Counsel, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. CHESTER J. STRAUB, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Li Gan Zhu, a native and citizen of the People's Republic of China, seeks review of a June 26, 2007 order of the BIA denying his motion to reissue its October 26, 2006 order. *In re Li Gan Zhu*, No. A 73 574 230 (B.I.A. June 26,

---

**2.** Atehortua fixes this quantity at 100 grams— "the estimated [amount] that could be pur-   chased with $10,000." Atehortua Br. 18.

**80**

2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reissue, this Court reviews the BIA's decision for an abuse of discretion. *See Ping Chen v. U.S. Att'y Gen.,* 502 F.3d 73, 75 (2d Cir.2007)(per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

This case is controlled by *Ping Chen,* in which the applicant asked the BIA to reissue its decision because she did not receive it or learn of it for several months. *Id.* at 74. She submitted her own affidavit and that of a relative, stating that she had not received the BIA's decision. *Id.* at 74–75. The BIA denied the motion on the ground that the decision was correctly mailed to the applicant's address of record. *Id.* at 75. We held that because the BIA properly found that its order had been mailed to the applicant's address of record and there was no relevant evidence which the BIA failed to consider, denial of the motion was proper. *Id.* at 77. "Once the BIA has performed its duty of serving the order, the time for appeal and motions to reopen begins to run, even if the order miscarries in the mail or the alien does not receive it *for some other reason that is not the BIA's fault." Id.* at 76–77 (emphasis added).

Here, it is undisputed that the BIA's October 2006 order was mailed to the correct address for Zhu's counsel. Thus, the BIA's denial of Zhu's motion to reissue was not an abuse of discretion. *See id.* at 77. Accordingly, we need not reach the Petitioner's remaining arguments where, even assuming there was error, we can confidently predict that the BIA would again reach the same decision. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 275–76 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.