LIN FENG CHEN, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 07–5436–ag.

United States Court of Appeals, Second Circuit.

July 29, 2008.

Peter D. Lobel, New York, New York, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, James E. Grimes, Senior Litigation Counsel, Gregory M. Kelch, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. SONIA SOTOMAYOR, Hon. RICHARD C. WESLEY, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Lin Feng Chen, a native and citizen of the People's Republic of China, seeks review of a November 6, 2007 order of the BIA denying his motion to reissue its prior order. *In re Linfeng Chen,* No. A98 347 525 (B.I.A. Nov. 6, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As a preliminary matter, because Chen failed to raise to the BIA his argument that 8 C.F.R. § 1003.1(f) "denies litigants their statutory right to judicial review and therefore, denies them their right to due process," we will not consider that unexhausted argument. *See* 8 U.S.C. § 1252(d)(1); *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 124 (2d Cir.2007). Similarly, we will not consider Chen's argument that the BIA "further violated [his] due process rights by applying agency standards in an inconsistent manner without explanation for the different results." *See Valbrun v. Hogan,* 439 F.3d 136, 137 (2d Cir.2006) (finding that Valbrun "cannot evade BIA review merely by labeling [his] claim a due process claim.") (citing *United States v. Gonzalez–Roque,* 301 F.3d 39, 48 (2d Cir.2002)). While Chen argues that the BIA was without jurisdiction to consider these constitutional arguments, he was obligated to present them where they concerned the fairness of the administrative process—a subject the BIA may indeed consider. *See Theodoropoulos v. INS,* 358 F.3d 162, 172–73 (2d Cir.2004).

When the BIA denies a motion to reissue, we review the BIA's decision for an abuse of discretion. *See Ping Chen v. U.S. Att'y Gen.,* 502 F.3d 73, 75 (2d Cir.2007) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

This case is controlled by *Ping Chen,* in which the applicant asked the BIA to reissue its decision because she allegedly did not receive it. 502 F.3d at 74. The petitioner in that case submitted her own affidavit and that of a relative, stating that

she had not received the BIA's decision. *Id.* at 74–75. The BIA denied the motion on the ground that the decision was correctly mailed to the applicant's address of record. *Id.* at 75. We held that because the BIA properly found that its order had been mailed to the applicant's address of record and there was no relevant evidence which the BIA failed to consider, denial of the motion was proper. *Id.* at 77. As we stated, "[o]nce the BIA has performed its duty of serving the order, the time for appeal and motions to reopen begins to run, even if the order miscarries in the mail or the alien does not receive it *for some other reason that is not the BIA's fault.*" *Id.* at 76–77 (emphasis added).

Here, the evidence of record indicates that the BIA's December 2006 order was mailed to Chen's counsel's address of record. Thus, the BIA's denial of Chen's motion to reissue was not an abuse of discretion. *See id.* at 77.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.