SUMMARY ORDER

Petitioner Bai Xiang Yu, a native and citizen of the People’s Republic of China, seeks review of a July 24, 2008 order of the BIA denying her motion to reissue its prior order and to reopen her removal proceedings. In re Bai Xiang Yu, No. A097 749 118 (B.I.A. July 24, 2008). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA denies a motion to reissue, we review the BIA’s decision for an abuse of discretion. See Ping Chen v. U.S. Att’y Gen., 502 F.3d 73, 75 (2d Cir.2007) (per curiam). “An abuse of discretion may be found ... where the [BIA’s] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.” Ke Zhen Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).
This case is controlled by Ping Chen, in which the applicant asked the BIA to reissue its decision because she allegedly did not receive it. 502 F.3d at 74. The petitioner in that case submitted her own affidavit and that of a relative, stating that she had not received the BIA’s decision. Id. at 74-75. The BIA denied the motion on the ground that the decision was correctly mailed to the applicant’s address of record. Id. at 75. In denying the petition *114 for review of that decision, we held that because the BIA properly found that its order had been mailed to the applicant’s address of record and there was no relevant evidence which the BIA failed to consider, denial of the motion was proper. Id. at 77. As we stated, “[o]nce the BIA has performed its duty of serving the order, the time for appeal and motions to reopen begins to run, even if the order miscarries in the mail or the alien does not receive it for some other reason that is not the BIA’s fault.” Id. at 76-77 (emphasis added).
Here, as the BIA accurately noted, the record indicated that its July 2006 order was mailed to the correct address for Yu’s counsel. Therefore, the BIA’s denial of Yu’s motion to reissue was not an abuse of discretion. See Kaur v. BIA 413 F.3d 232, 233 (2d Cir.2005); see also Ping Chen, 502 F.3d at 77. In her brief, Yu asserts that her previous attorney “is a reputable attorney” who “has previously filed and written more than a dozen appeals and has never failed to meet any deadlines and has never claimed to have not received a decision from any other court before this case at hand.” However, even assuming the truth of these assertions, they are of no moment where actual receipt is not required. See Ping Chen, 502 F.3d at 76-77. Finally, to the extent that Yu raises several new arguments for the first time before this Court, these arguments fail because she did not present them to the BIA, “so the BIA can hardly be faulted for failing to address them.” Ping Chen, 502 F.3d at 77.
In addition, in her brief to this Court, Yu fails to challenge the BIA’s finding that her motion to reopen was untimely, and we therefore deem waived any such challenge. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 546 n. 7 (2d Cir.2005). Yu has also waived any argument that the time limit on her motion to reopen was tolled by ineffective assistance of counsel, or that the BIA erred in failing to sua sponte reopen her proceedings. See id. Because Yu failed to make any meaningful challenge to the BIA’s denial of her motion to reopen, we cannot conclude that the BIA acted in “an arbitrary and capricious manner” in denying her motion to reopen. See Ke Zhen Zhao, 265 F.3d at 93 (internal quotation marks omitted).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).