**XINHUI DONG, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

No. 08–6196–ag.

United States Court of Appeals, Second Circuit.

Aug. 14, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr., is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

Nathan Weill, Esq., New York, NY, for the Petitioner.

Michael F. Hertz, Acting Assistant Attorney General (Mark C. Walters, Senior Litigation Counsel & Jeffrey L. Menkin, Trial Attorney, Office of Immigration Litigation, on the brief), Washington, D.C., for the Respondent.

PRESENT: GUIDO CALABRESI, B.D. PARKER, REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Xinhui Dong, a native and citizen of China, seeks review of a December 9, 2008 decision of the Board of Immigration Appeals ("BIA") denying his motion to reissue its decision dated February 5, 2008. We assume the parties' familiarity with the factual and procedural history of this case, as well as the issues on appeal.

We treat motions to reissue BIA decisions as motions to reopen, and review them for abuse of discretion. *See Ping Chen v. U.S. Att'y Gen.*, 502 F.3d 73, 75 (2d Cir.2007) (per curiam). "The BIA abuses its discretion if its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.*

■ This case is controlled by our decision in *Ping Chen.* In *Ping Chen,* the petitioner asked the BIA to reissue its decision on the grounds that she never received it. We concluded that "[o]nce the BIA has performed its duty of serving the order, the time for appeal and motions to reopen begin to run, even if the order miscarries in the mail or the alien does not receive it for some other reason that is not the BIA's fault." *Id.* at 76–77. Because the BIA had produced its order and cover letter addressed to the petitioner's address of record, and the petitioner had only provided affidavits of non-receipt in response, we could not say that the BIA had abused its discretion. *Id.* at 77.

As in *Ping Chen,* Dong has failed to "point to any irregularity in the BIA's records suggesting service of the . . . order was not accomplished as indicated by the cover sheet" of the BIA's decision, *id.;* indeed, in his motion to reissue, Dong speculated that the decision was lost when his attorney was moving offices. Absent any allegations of wrongdoing on the part of the BIA, we cannot say that the BIA abused its discretion in denying the motion to reissue. We do, however, encourage the BIA to consider placing the date of mailing on the cover sheet to provide a clearer indication that the agency's order was, indeed, mailed.

As for Dong's argument that the Board should have reissued its decision *sua sponte* on the grounds of ineffective assistance of counsel, we are without jurisdiction to review claims that the BIA should have reopened removal proceedings *sua sponte*. *See Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006) ("[A] decision of the BIA whether to reopen a case *sua sponte* ... is entirely discretionary and therefore beyond our review....").

For the foregoing reasons, this petition for review is DISMISSED in part and DENIED in part.