08-3145-ag
Weng v. Holder

BIA
A73 572 973

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand ten.

PRESENT:
             GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             ROBERT A. KATZMANN,
                       *Circuit Judges.*

───────────────────────────────────────────

ZHEN SHUI WENG,
        *Petitioner*,

        v.                                    08-3145-ag

                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,*
        *Respondent.*

───────────────────────────────────────────

────────────

*     Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR PETITIONER:          Robert J. Adinolfi, Louis & Adinolfi, LLC, New York, N.Y.

FOR RESPONDENT:          Gregory G. Katsas, Assistant Attorney General; Linda S. Wernery, Assistant Director; James E. Grimes, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Zhen Shui Weng, a native and citizen of the People's Republic of China, seeks review of the May 29, 2008 order of the BIA denying his motion to reissue. *In re Zhen Shui Weng*, No. A73 572 973 (B.I.A. May 29, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We treat motions to reissue as motions to reopen, reviewing the agency's denial of a motion to reissue for abuse of discretion, and the agency's findings of fact under the substantial evidence standard. *See Ping Chen v. U.S. Att'y Gen.*, 502 F.3d 73, 75 (2d Cir. 2007). In this case, the BIA did not abuse its discretion in denying Weng's motion to reissue its July 2007 decision.

2

The agency's regulations require the BIA to serve decisions by "physically presenting or mailing [the] document to the appropriate party." 8 C.F.R. § 1003.13. "Once the BIA has performed its duty of serving the order, the time for appeal and motions to reopen begins to run, even if the order miscarries in the mail or the alien does not receive it for some other reason that is not the BIA's fault." *Ping Chen*, 502 F.3d at 76-77. Thus, contrary to a case in which the alien asserts that he or she did not receive notice of a hearing, *see Lopes v. Gonzales*, 468 F.3d 81, 85 (2d Cir. 2006), it is the agency's service of the order, not the alien's receipt of the order, that is dispositive in this case, *see Ping Chen*, 502 F.3d at 77. Evidence of non-receipt is not irrelevant; however, it serves only as circumstantial evidence as to the question of whether the order was actually served. *Id.* Moreover, "the BIA may reasonably accord less weight to an affidavit of non-receipt than to its own records establishing that the order was in fact mailed." *Ping Chen*, 502 F.3d at 77.

As the BIA properly mailed its July 2007 decision to Weng's attorney of record, the BIA did not abuse in according Weng's attorney's affidavit of non-receipt less

3

weight than its own records. *See id.* Accordingly, the BIA did not abuse its discretion in denying Weng's motion to reissue. *See id.*

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4