09-3543-ag
Kosasih v. Holder

BIA
A097 849 104

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of March, two thousand ten.

PRESENT:
    JOSÉ A. CABRANES,
    PETER W. HALL,
    GERARD E. LYNCH,
        *Circuit Judges*.

_____

THERESIA KOSASIH,
        *Petitioner*,

        v.                                    09-3543-ag
                                             NAC
ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Matthew J. Archambeault,
                       Philadelphia, Pennsylvania

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Linda S. Wernery, Assistant
                       Director; Kerry A. Monaco, Trial
                       Attorney, Office of Immigration
                       Litigation, Civil Division, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Theresia Kosasih, a native and citizen of Indonesia, seeks review of a July 21, 2009, order of the BIA denying her motion to reissue. *In re Theresia Kosasih*, No. A097 849 104 (B.I.A. July 21, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the agency's denial of a motion to reissue for abuse of discretion. *See Ping Chen v. U.S. Att'y Gen.*, 502 F.3d 73, 75 (2d Cir. 2007). As the Government argues, this case is controlled by *Ping Chen*. In that case, the applicant asked the BIA to reissue its decision because she allegedly did not receive it or even learn of it for several months after its issuance. *Id.* at 74. The BIA denied the motion on the ground that the decision was correctly mailed to the applicant's address of record. *Id.* at 75. We noted, inter alia, that the record included an order and a cover letter addressed to the petitioner's correct address, and that although the petitioner and a relative filed affidavits

2

stating that they had not received the order, the petitioner did not point to any irregularity in the BIA's records suggesting that service was not actually accomplished. *Id.* at 77. Upholding the BIA's decision, we held that, "once the BIA has performed its duty of serving the order, the time for appeal and motions to reopen begins to run, even if the order miscarries in the mail or the alien does not receive it for some other reason that is not the BIA's fault." *Id.* at 76-77.

Here, the record similarly includes a cover letter addressed to the petitioner and her attorney at their addresses of record on the day the decision was issued. Although Kosasih, her attorney, and others filed affidavits stating they did not receive the decision, Kosasih admits that "there are no irregularities as to the addresses [on the BIA cover sheets] of either the Petitioner or her counsel." On these facts, the BIA's denial of Kosasih's motion to reissue on the ground that the BIA had satisfied its obligation to notify the petitioner of the disposition of her case was not an abuse of discretion. *See id.* at 77.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of

3

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4