Jalloh v. Holder

BIA
A095 850 735

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8ᵗʰ day of May, two thousand twelve.

PRESENT:
> ROBERT D. SACK,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
>     *Circuit Judges.*

_____

MOHAMED KARIM JALLOH,
> *Petitioner,*

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

11-3075-ag
NAC

_____

FOR PETITIONER:      Parker Waggaman, Woodside, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Blair O'Connor, Assistant Director; R. Alexander Goring, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Mohamed Karim Jalloh, a native and citizen of Sierra Leone, seeks review of a June 30, 2011, decision of the BIA denying his motion to reissue. *In re Mohamed Karim Jalloh*, No. A095 850 735 (B.I.A. June 30, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We treat motions to reissue as motions to reopen, reviewing the agency's denial of such motions for abuse of discretion, and the agency's findings of fact under the substantial evidence standard. *See Ping Chen v. U.S. Att'y Gen.*, 502 F.3d 73, 75 (2d Cir. 2007). In this case, the BIA did not abuse its discretion in denying Jalloh's motion to reissue its June 25, 2010, decision.

Aliens seeking to reopen proceedings may file a motion to reopen no later than 90 days after the date on which the final administrative decision was entered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the 90-day filing deadline for motions to reissue does "not begin to run until the BIA has complied with its regulations

2

requiring service of the BIA's decision on the petitioner."
*Ping Chen*, 502 F.3d at 75.  The agency's regulations require
the BIA to serve its orders by "physically presenting or
mailing [the] document to the appropriate party."  8 C.F.R.
§ 1003.13.  "Once the BIA has performed its duty of serving
the order, the time for appeal and motions to reopen begins
to run, even if the order miscarries in the mail or the
alien does not receive it for some other reason that is not
the BIA's fault."  *Ping Chen*, 502 F.3d at 76-77.

   In his motion, Jalloh admitted that the BIA properly
served both him and his attorney with its decision on June
25, 2010.  Thus, the 90-day deadline for filing his motion
to reissue that decision began on that date, and the BIA did
not abuse its discretion in finding his December 6, 2010,
motion untimely.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *see also*
*Ping Chen*, 502 F.3d at 76-77.  Moreover, Jalloh's argument
that the BIA erred in denying his motion because he was out
of reach traveling for work at the time the BIA issued and
served its decision is unavailing as it does not demonstrate
that the BIA was at fault for the delay in his receipt of
its decision.  *See Ping Chen*, 502 F.3d at 76-77.
Accordingly, the BIA did not abuse its discretion in denying
Jalloh's untimely motion to reissue.  *Id.*

For the foregoing reasons, the petition for review is DENIED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk

4