Mahamadou v. Holder
BIA
A097 528 373

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of July, two thousand twelve.

PRESENT:
>       ROBERT A. KATZMANN,
>       PETER W. HALL,
>       RAYMOND J. LOHIER, JR.,
>               *Circuit Judges.*

_____

MOCTAR SOULEY MAHAMADOU,
>       *Petitioner,*

>       v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

11-3414-ag
NAC

_____

FOR PETITIONER:        Theodore Vialet, Woodside, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Linda S. Wernery, Assistant Director; Gerald M. Alexander, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Moctar Souley Mahamadou, a native and citizen of Niger, seeks review of a July 27, 2011, decision of the BIA denying his motion to reissue. *In re Moctar Souley Mahamadou*, No. A097 528 373 (B.I.A. July 27, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We treat motions to reissue as motions to reopen, reviewing the agency's denial of such motions for abuse of discretion, and the agency's findings of fact under the substantial evidence standard. *See Ping Chen v. U.S. Att'y Gen.*, 502 F.3d 73, 75 (2d Cir. 2007). In this case, the BIA did not abuse its discretion in denying Mahamadou's motion to reissue its July 22, 2009 decision.

Aliens seeking to reopen proceedings may file a motion to reopen no later than 90 days after the date on which the final administrative decision was entered and served on the appropriate party in person or by mail. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2); 8 C.F.R. § 1003.13; *Ping Chen*, 502 F.3d at 75. Here, the BIA reasonably found that it properly served Mahamadou by mailing a copy of its decision to both his and his attorney's last known addresses on July 22, 2009, thus starting the 90-day filing period. *See* 8 C.F.R. § 1003.13; *Ping Chen*, 502 F.3d at 75. Because Mahamadou did not file his motion to reissue until March 2011, it was untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

In some instances the agency may excuse the time limitation if an alien demonstrates ineffective assistance of counsel. *See Rashid v. Mukasey*, 533 F.3d 127, 130-31 (2d Cir. 2008). To prevail on a claim of ineffective assistance, an applicant must demonstrate that his constitutional right to due process was violated and that he exercised due diligence in pursuing the case during the period for which equitable tolling is sought. *Id.*

2

Mahamadou argues that his prior counsel failed to inform him of the BIA's 2009 decision and that he exercised due diligence because, upon discovering that his former counsel had resigned back in 2008, he filed his motion to reissue immediately after investigating whether to bring a complaint against the immigration agency that had handled his case.  However, contrary to Mahamadou's assertion that he learned of the resignation in February 2011, his former counsel informed him in 2010 that he had resigned.  Because Mahamadou did not provide an explanation for delaying until June 2011 to file his motion to reissue, the BIA reasonably found that he did not exercise due diligence.  *See id.; see also Cekic v. INS,* 435 F.3d 167, 170 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3