11-4682                                                                    BIA
Singh v. Holder                                                    A093 250 506

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of August, two thousand twelve.

PRESENT:
        GUIDO CALABRESI,
        GERARD E. LYNCH,
        RAYMOND J. LOHIER, JR.,
                *Circuit Judges.*
_____

KARNAIL SINGH,
        *Petitioner,*

        v.                                                    11-4682
                                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Martin R. Robles-Avila, San Francisco,
                       California.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Emily Anne Radford,
                       Assistant Director; Aric A. Anderson,
                       Trial Attorney, Office of Immigration
                       Litigation, United States Department of
                       Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Karnail Singh, a native and citizen of India, seeks review of the October 13, 2011, order of the BIA denying his motion to reopen. *In re Karnail Singh*, No. A093 250 506 (B.I.A. Oct. 13, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen and reissue for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Ping Chen v. U.S. Att'y Gen.*, 502 F.3d 73, 75 (2d Cir. 2007) (per curiam). Here, the BIA did not abuse its discretion by denying Singh's motion to reopen and reissue as untimely and number-barred. An alien may file one motion to reopen, generally no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Singh's 2011 motion was untimely and number-barred, as the final

2

administrative order was issued in 2003 and he had previously filed two motions to reopen.

Singh argues that the BIA nevertheless abused its discretion in denying his motion to reopen because it had violated his due process rights. Specifically, he argues that the BIA: (1) prevented him from petitioning for review of its denial of his second motion to reopen by failing to send a copy of its decision to his attorney; and (2) deprived him of the benefit of counsel by failing to notify him that the immigration judge ("IJ") had certified his third motion to reopen to the BIA and that his attorney was required to enter her appearance before the BIA. His arguments are without merit.

Because the BIA had retained jurisdiction over Singh's proceedings since dismissing his appeal of the IJ's denial of his first motion to reopen, *see* 8 C.F.R. §§ 1003.1(b), 1003.3(a), the IJ transferred his second motion to reopen from the immigration court, where Singh had improperly filed it, to the BIA for adjudication. Contrary to Singh's argument that this constituted a certification, the IJ was not asking the BIA to review a decision of the immigration court, as is contemplated by the certification regulations,

3

*see* 8 C.F.R. § 1003.7, but merely changed the venue to the proper forum because the IJ lacked jurisdiction to review the motion. Because the certification regulation did not apply here, the BIA was not required to issue a Notice of Certification form to Singh or his attorney.

Furthermore, the BIA effected proper service of its order denying Singh's second motion to reopen. Under 8 C.F.R. § 1003.13, service is effected by mailing a document to the appropriate party or parties. The BIA mailed a notice to both Singh and his then-attorney of record, Theresa Salazar-Cosmos, stating that it had received Singh's motion and that his attorney had not yet filed the appropriate entry of appearance form with the BIA. Because no such form was filed prior to the issuance of the BIA's denial, the BIA appropriately considered Singh to be *pro se*. As a *pro se* appellant, Singh was the only "appropriate party," 8 C.F.R. § 1003.13, to whom the BIA was required to mail a copy of its decision, which it did in January 2011.

Because the BIA complied with its own regulations and did not otherwise violate Singh's due process rights, the BIA did not abuse its discretion in denying Singh's third motion to reopen as untimely and number-barred. *See* 8 U.S.C. § 1229a(c)(7)(A),(C)(i); 8 C.F.R. § 1003.2(c)(2).

4

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk