19-2630
Najera-Torres v. Garland

BIA
A096 182 709

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of  March, two thousand twenty-two.

PRESENT:
         DEBRA ANN LIVINGSTON,
              *Chief Judge,*
         SUSAN L. CARNEY,
         RICHARD J. SULLIVAN,
              *Circuit Judges.*

_____

JENIE IVETH NAJERA-TORRES,
         *Petitioner,*

         v.                                              19-2630
                                                         NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
         *Respondent.*

_____

FOR PETITIONER:          Weronika K. Costas, The
                         Costas Network Law Center, LLC,
                         Independence, OH.

FOR RESPONDENT:          Joseph H. Hunt, Assistant
                         Attorney General; Shelley R. Goad,

Assistant Director, Office of Immigration Litigation; Carmel A. Morgan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jenie Iveth Najera-Torres, a native and citizen of Honduras, seeks review of February 23, 2018 and July 24, 2019 decisions of the BIA, denying her second motion to reopen. *In re Jenie Iveth Najera-Torres,* No. A096 182 709 (B.I.A. Feb. 23, 2018 & July 24, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). In that context, the BIA abuses its discretion "only if the BIA's decision-making was arbitrary or capricious, as evidenced by a decision that provides no rational explanation for the agency's conclusion,

2

inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* at 169 (internal quotation marks and citations omitted). We review the agency's findings of fact under the substantial evidence standard. *Chen v. U.S. Atty. Gen.*, 502 F.3d 73, 75 (2d Cir. 2007). Under that standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

In her motion to reopen, Najera-Torres asserted that domestic and gang violence had increased in Honduras, and that this circumstance excused the time and number limitations that otherwise barred her motion. She also asserted that these conditions demonstrated her prima facie eligibility for asylum and related relief based on her membership in the particular social groups of "Honduran women in a domestic relationship who are unable to leave" and relatives of her brother, who was murdered in Honduras in 2010 purportedly for reporting a robbery.

It is undisputed that Najera-Torres's 2017 motion was

untimely and number-barred because it was her second motion to reopen and she filed it more than 14 years after she was ordered removed in 2003. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). These time and number limits, however, do not apply if reopening is sought to apply for asylum and the motion "is based on changed country conditions arising in the country . . . to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see* 8 C.F.R. § 1003.2(c)(3).

Even if it could be argued that increased violence against women in Honduras constituted a changed country condition since the time of her 2003 removal order, the BIA did not err in determining that such changes in Honduras were not material to Najera-Torres's petition, which asserted that Najera-Torres was part of a protected class of "Honduran wom[e]n in a domestic relationship who are unable to leave" while at the same time acknowledged that she was no longer in a domestic relationship with her abusive ex-partner. The BIA also did not err in concluding that evidence reflecting

4

problems with gang violence in Honduras beginning in the 1990s did not show a material change since Najera-Torres's 2003 removal order. *See id.*

Because the BIA reasonably concluded that Najera-Torres failed to demonstrate a material change in conditions in Honduras, it did not abuse its discretion in denying her motion as untimely and number-barred. *See* 8 U.S.C. § 1229a(c)(7)(A), (C). Because the agency's denial of her motion as untimely and number-barred is dispositive of her claims, we do not reach the BIA's alternative basis for denying Najera-Torres's motion: her failure to establish her prima facie eligibility for relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Nevertheless, we observe that the record does not reflect error in this regard because the evidence suggested that Najera-Torres's ex-partner had not focused attention on her since 2012, and there was no record evidence suggesting that the individuals who murdered her brother in 2010 had also targeted his relatives in Honduras. *See Huang v. U.S. INS*,

421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . , [an applicant's] fear is speculative at best."); *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding fear of future persecution weakened when similarly situated family members remain unharmed in petitioner's native country).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6