*Cervantes-Nieto v. Garland*

BIA
A087 576 821

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand twenty-two.

PRESENT:
> **ROBERT D. SACK,**
> **RICHARD J. SULLIVAN,**
> **EUNICE C. LEE,**
> *Circuit Judges.*

_____

GERMAN EDUARDO CERVANTES-NIETO,

          *Petitioner*,

    v.                                           20-3222

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

          *Respondent*.

_____

| | |
|---|---|
| **FOR PETITIONER:** | John C. Barrera, Barrera Legal Group, Nampa, ID. |
| **FOR RESPONDENT:** | Brian M. Boynton, Principal Deputy Assistant Attorney General, Anthony P. Nicastro, Assistant Director, Andrew B. Insenga, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

**UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED** and that the BIA decision is **VACATED** and **REMANDED** for reconsideration in accordance with the following.

Petitioner German Eduardo Cervantes-Nieto, a native and citizen of Peru, seeks review of an August 26, 2020, decision of the BIA denying his motion to reissue its February 2020 decision. *In re Cervantes-Nieto*, No. A087 576 821 (B.I.A. Aug. 26, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

Our review is limited to the BIA's denial of Cervantes-Nieto's motion to reissue the February 2020 decision because the petition is timely only as to that decision. *See Ke Zhen Zhao v. U.S. Dep't of Just.*, 265 F.3d 83, 89–90 (2d Cir. 2001). We review the denial of a motion to reissue for abuse of discretion. *See Ping Chen v. U.S. Att'y Gen.*, 502 F.3d 73, 75 (2d Cir. 2007) (per curiam). "The BIA abuses its discretion if its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* "The BIA also abuses its discretion when it fails to consider the facts of record relevant to the motion." *Id.*

In rejecting Cervantes-Nieto's ineffective assistance of counsel claim as a basis for reissuance, the BIA stated that Cervantes-Nieto had not submitted an affidavit in support of his motion or complied "whatsoever" with the requirements for an ineffective assistance claim as set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988). Joint App'x at 3. Contrary to the BIA's statement, however, Cervantes-Nieto had submitted a document from his attorney titled "affidavit" in which the attorney explained his failure to timely petition this Court for review of the February 2020 decision and accepted responsibility for the mistake. *Id.* at 300. It is unclear

2

from the BIA's decision whether its statement that Cervantes-Nieto submitted "[n]o affidavit" in support of his claim was intended as a factual conclusion that no document was submitted or, as suggested by the government, as a legal conclusion that the document did not meet the requirements for a valid affidavit. *Id*. at 3. Our inability to tell from the BIA's opinion whether it was making a factual or legal statement indicates an abuse of discretion in and of itself. "Despite our generally deferential review of IJ and BIA opinions," a decision requiring the Court to divine what the BIA meant falls short of the "minimum level of analysis" required for "judicial review . . . to be meaningful." *Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005).

Ultimately, the BIA abused its discretion whether it intended its statement as a factual or a legal conclusion. If the BIA intended it as a factual statement, it abused its discretion because it "fail[ed] to consider the facts of record relevant to the motion," *Ping Chen*, 502 F.3d at 75, namely that a document—whether adequate or not—had been submitted in support of Cervantes-Nieto's motion. Likewise, if the BIA intended its statement as a legal conclusion as to the document's adequacy, it abused its discretion because the conclusion was "devoid of any reasoning." *Id.*

To be sure, on remand, the BIA may deem that Cervantes-Nieto failed to substantially comply with *Lozada* or to support a finding of prejudice. *See Yi Long Yang v. Gonzales*, 478 F.3d 133, 142–43 (2d Cir. 2007) ("[W]e have not required a slavish adherence to the [*Lozada*] requirements, holding only that substantial compliance is necessary."). But the BIA did not provide such analysis on the record before us. That constitutes an abuse of discretion. *See Ping Chen*, 502 F.3d at 75. Though the government provides possible rationales for the BIA's decision, we do not independently search the record for explanations of agency action. *Jin Chen v. U.S. Dep't of Just.*, 426 F.3d 104, 113 (2d Cir. 2005).

For the foregoing reasons, the petition for review is **GRANTED**, the BIA's decision is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
