09-4210-ag
Lin v. Holder

BIA
Nelson, IJ
A073 540 565
A070 868 821

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of June, two thousand ten.

PRESENT:
    GUIDO CALABRESI,
    RICHARD C. WESLEY,
    PETER W. HALL,
        *Circuit Judges*.

_____

XUE HUI LIN, YAN HONG LIN,
        *Petitioners*,

    v.                                    09-4210-ag
                                          NAC
ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
        *Respondent*.

_____

FOR PETITIONER:     Gerald Karikari, New York, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney
                    General, Civil Division, Anh-Thu P.
                    Mai-Windle, Senior Litigation
                    Counsel, Pegah Vakili, Trial
                    Attorney, Office of Immigration
                    Litigation, U.S. Department of
                    Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Xue Hui Lin and Yan Hong Lin, natives and citizens of China, seek review of the September 16, 2009, order of the BIA affirming the October 17, 2007, decision of Immigration Judge ("IJ") Barbara A. Nelson denying their motion to reopen, reconsider, and reinstate.[1] *In re Xue Hui Lin, et al.*, Nos. A073 540 565/A070 868 821 (B.I.A. Sept. 16, 2009), *aff'g* Nos. A073 540 565/A070 868 821 (Immig. Ct. N.Y. City Oct. 17, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

I.  Scope of Review

As an initial matter, the arguments advanced in Lin's brief largely challenge the IJ's underlying denial of his application for asylum. However, we are without jurisdiction to consider Lin's challenge to the IJ's March 2006 decision. *See Ke Zhen Zhao v. U.S. Dep't of Justice*,

---

[1]Xue Hui Lin's asylum application included his wife, Yan Hong Lin, as a derivative applicant. The IJ's decision primarily discussed Xue Hui Lin's eligibility for asylum and related relief. Therefore, for the sake of clarity, this order refers only to Xue Hui Lin as "Lin" throughout.

265 F.3d 83, 89-90 (2d Cir. 2001). Instead, we limit our review to the BIA's September 2009 decision affirming the IJ's October 2007 decision. Moreover, we lack jurisdiction to review Lin's challenge to the BIA's decision to affirm without opinion the IJ's decision. *See Kambolli v Gonzales*, 449 F.3d 454, 463 (2d Cir. 2006) (finding that this Court "lack[s] jurisdiction to review decisions by BIA members to affirm IJ decisions without opinion").

II. Motion to Reopen and Reconsider

Under the circumstances of this case, we review the IJ's decision alone.[2] *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). We review the agency's denial of a motion to reopen and reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

In denying Lin's motion to reopen and reconsider, the IJ found that it was untimely filed because "the Court's March 22, 2006 decision [was] the final administrative

---

[2] In his brief before us, Lin does not challenge: (1) the IJ's determination that he failed to present new and previously unavailable evidence regarding the IJ's adverse credibility determination; and (2) the IJ's finding that she lacked jurisdiction to review the BIA's dismissal of his merits appeal as untimely filed.

3

order." *See* 8 C.F.R. § 1003.23(b) (providing that a motion to reopen before an IJ must be filed no later than 90 days after the date on which the final administrative decision was rendered and that a motion to reconsider must be filed no later than 30 days thereafter). Although Lin argues that in its July 2007 decision, the BIA instructed the IJ to accept a motion to reopen regardless of its timeliness, he misconstrues the BIA's decision. In dismissing Lin's merits appeal as untimely, the BIA instructed Lin that if he sought to challenge its finding that his appeal was untimely, he should file a motion to reconsider with the BIA. It further stated that if he sought to challenge "any other" finding, he should file a motion to reopen with the IJ. These instructions were not a "signal" for the IJ to consider any motion, regardless of its timeliness. Rather, they simply informed Lin which tribunal had jurisdiction to consider the various arguments he might assert. Thus, the IJ did not err in denying Lin's motion to reopen and reconsider as untimely. 8 C.F.R. § 1003.23(b); *see Jin Ming Liu*, 439 F.3d at 111; *Kaur*, 413 F.3d at 233.

III.    Motion to Reissue

Finally, contrary to Lin's argument that the IJ abused her discretion in denying, as untimely, his motion to reissue, that was not the basis for the IJ's denial of his

4

motion to reissue. Rather, the IJ declined to reissue her previous decision because Lin had advanced no reason for her to do so. In any event, we have found that as long as the IJ's decision is properly served, the time for appeal begins to run and the agency does not abuse its discretion in denying a motion to reissue the IJ's prior decision. *See Ping Chen v U.S. Att'y Gen.*, 502 F.3d 73, 76-77 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk