Singh v. Barr

BIA
Hom, IJ
A205 071 934

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand twenty.

PRESENT:
        JOHN M. WALKER, JR.,
        DEBRA ANN LIVINGSTON,
        RICHARD J. SULLIVAN,
            *Circuit Judges.*

_____

GURPELLT SINGH, AKA GURPREET
SINGH,
            *Petitioner,*

v.                                          18-51
                                            NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*

_____

FOR PETITIONER:          Amy N. Gell, New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant
                         Attorney General; Mary Jane
                         Candaux, Assistant Director;
                         Matthew Connelly, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of
                         Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gurpellt Singh, a native and citizen of India, seeks review of a December 13, 2017 decision of the BIA affirming a June 28, 2017 decision of an Immigration Judge ("IJ") denying Singh's motion to reopen proceedings and reissue the IJ's decision denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Singh,* No. A 205 071 934 (B.I.A. Dec. 13, 2017), *aff'g* No. A 205 071 934 (Immig. Ct. N.Y. City June 28, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the denial of a motion to reopen and reissue for abuse of discretion. *See Ping Chen v. U.S. Att'y Gen.*, 502 F.3d 73, 75 (2d Cir. 2007).

Where, as here, an alien had notice of the proceedings,

2

the agency does not abuse its discretion in denying a motion to reissue if the agency properly served the order, regardless of whether the alien actually received it. *See id.* at 76–77 ("Once the BIA has performed its duty of serving the order, the time for appeal and motions to reopen begins to run, even if the order miscarries in the mail or the alien does not receive it for some other reason that is not the BIA's fault."); *see also Xue Hui Lin v. Holder*, 380 F. App'x 28, 30 (2d Cir. 2010) (applying the same standard to IJ orders). An IJ's decision "shall be served on the parties by first class mail to the most recent address contained in the Record of Proceeding or by personal service." 8 C.F.R. § 1003.37(a). Service on a party also may be accomplished by service on his or her attorney. *Id.* § 1292.5(a).

Singh advances three reasons that the agency may have abused its discretion in declining to reopen and reissue the IJ's decision. Each is unavailing. First, he argues that the decision was not properly addressed, because, in addition to the correct firm name and mailing address, it included the name of attorney Veerat Kalaria. However, "the record shows that []he did not present . . . [this] argument[] to the BIA,

3

so the BIA can hardly be faulted for failing to address [it]."
*Ping Chen*, 502 F.3d at 77. Singh asserted in his BIA appeal
that he still had not received the IJ decision (which would
have notified him it was addressed to Kalaria) because "the
Judge's clerk is away." Certified Administrative Record at
13. This was the same claim he made more than seven weeks
earlier in the motion to reopen. In any event, Kalaria is
an associate at Gell & Gell, and Singh does not argue that
Kalaria was not involved in his case, nor does he argue that
the letter was misdirected within the law firm.

Second, Singh notes that the decision cover letter
identified him as "Gurpellt" Singh without further stating
that he is also known as "Gurpreet." But his name was not
part of the address. He does not argue that the firm received
the letter but misunderstood its import because it lacked the
alternate spelling of his name. Nor would such an argument
be reasonable, given that the name Gurpellt was used
throughout the agency proceedings and the letter included
Singh's alien registration number.

Third, Singh argues that his strong interest in pursuing
his case, coupled with his prompt motion to reopen upon

4

learning of the IJ's decision, suggests that his attorney must not have received it. But he did not present any direct evidence, such as an affidavit from his law firm, asserting that the decision was not received. And while his interest in pursuing the case may be evidence that the decision may not have been mailed properly, it is circumstantial, and the agency "may reasonably accord less weight to . . . [evidence] of non-receipt than to its own records establishing that the [decision] was in fact mailed." *Ping Chen*, 502 F.3d at 77.

Accordingly, because the agency did not err in applying a presumption or declining to credit counsel's uncorroborated assertions of non-receipt, it did not abuse its discretion by denying the motion to reissue. *See id.* at 75–77. We do not reach Singh's arguments regarding his eligibility for relief from removal because he failed to exhaust those claims by timely appealing to the BIA. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right . . . ."); *Poole v. Mukasey*, 522 F.3d 259, 263 (2d Cir. 2008) ("[T]he INA's exhaustion requirement constitutes a clear jurisdictional bar, and admits of no

exceptions." (internal quotation marks and citation omitted)).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court