Diallo v. Holder

BIA
A073 602 548

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of April, two thousand eleven.

PRESENT:

> JOHN M. WALKER, JR.,
> JOSEPH M. McLAUGHLIN,
> ROBERT A. KATZMANN,
> *Circuit Judges*.

_____

FATOU DIALLO,
> *Petitioner*,

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

10-2136-ag

NAC

| FOR PETITIONER: | Rhoda Sherif, Law Office of Rhoda Sherif, San Diego, Cal. |
|---|---|
| FOR RESPONDENT: | Tony West, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Michael C. Heyse, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Fatou Diallo, a native and citizen of Senegal, seeks review of a May 4, 2010, order of the BIA denying her motion to rescind and reissue the BIA's September 13, 2004, decision dismissing her appeal from the February 24, 2004, decision of an immigration judge denying her motion to reopen her *in absentia* deportation proceedings. *In re Fatou Diallo*, No. A073 602 548 (B.I.A. May 4, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We treat a motion to reissue as a motion to reopen, and review the agency's denial of such a motion for abuse of discretion. *See Ping Chen v. U.S. Att'y Gen.*, 502 F.3d 73, 75 (2d Cir. 2007) (per curiam). In her motion, Diallo requested that the BIA rescind and reissue a prior decision so that she could file a timely petition for review in this Court, alleging that prior counsel had been ineffective because he failed to file such a petition. In order to prevail on a claim of ineffective assistance of counsel, a movant must demonstrate, among other requirements, that she exercised "due diligence" in vindicating her rights, *Cekic*

2

*v. INS*, 435 F.3d 167, 171 (2d Cir. 2006), "during the entire period [she] seeks to toll . . . [including] both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed," *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008).

Here, the BIA did not abuse its discretion in determining that Diallo failed to demonstrate that she exercised due diligence. Although Diallo had knowledge of her final order of removal in September 2004, and of the denial of a motion to reconsider as early as May or June 2006, she waited an additional three and a half years, until February 2010, to file her motion to rescind and reissue. Moreover, Diallo did not specify when she learned of the alleged ineffective assistance, what steps she took prior to learning of the ineffective assistance, or how much time passed after she learned of the ineffectiveness before she filed her motion. *See id.* (petitioner failed to exercise due diligence by waiting to pursue his case until fourteen months after he knew or should have known of counsel's alleged ineffective assistance); *Jian Hua Wang v. BIA,* 508 F.3d 710, 715 (2d Cir. 2007) (per curiam) (waiting 8 months after the receipt of documents pertinent to petitioner's claim to file a motion to reopen did not demonstrate due

diligence).

Given that the BIA did not abuse its discretion in determining that Diallo failed to demonstrate due diligence, we do not consider her arguments that the agency erred in determining that she failed to meet the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988), or that she failed to demonstrate prejudice by counsel's failure to file a petition for review. *See Cekic,* 435 F.3d at 170 ("[N]o matter how egregiously ineffective counsel's assistance may have been, an alien will not be entitled to equitable tolling unless he can affirmatively demonstrate that he exercised reasonable due diligence during the time period sought to be tolled.").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4