Dong v. Holder

BIA
A075 776 847

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of April, two thousand eleven.

PRESENT:
DENNIS JACOBS,
*Chief Judge*,
DEBRA ANN LIVINGSTON,
DENNY CHIN,
*Circuit Judges*.

_____

XING AN DONG, AKA XING EN DONG,
*Petitioner*,

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
*Respondent*.

10-1118-ag
NAC

_____

FOR PETITIONER:        Jan Allen Reiner, New York, NY.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Blair T. O'Connor, Assistant Director; Joseph D. Hardy, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and GRANTED in part.

Petitioner, Xing An Dong, a native and citizen of the People's Republic of China, seeks review of a February 26, 2010, order of the BIA denying his motion to reopen his removal proceedings. *In re Xing An Dong*, No. A075 776 847 (B.I.A. Feb. 26, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien may only file one motion to reopen and must do so within 90 days of the agency's final administrative decision. 8 C.F.R. § 1003.2(c)(2). The motion to reopen in this case was filed outside this period as the BIA affirmed the removal order in 2002 and the motion to reopen was not filed until 2009.

Dong argues, however, that the agency abused its discretion in denying his motion to reopen based on an ineffective assistance of counsel claim. The deadline for

filing a motion to reopen may be equitably tolled to accommodate claims of ineffective assistance of counsel, so long as the movant has exercised "due diligence" in vindicating his or her rights. *See Cekic v. INS*, 435 F.3d 167, 171 (2d Cir. 2006). Here, the BIA did not abuse its discretion in determining that Dong failed to exercise due diligence because, although Dong had knowledge of his final order of removal as early as October 2002, he waited over three years to obtain legal advice and a copy of his court file, and waited roughly an additional three years to find a different attorney to pursue the matter. *See Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008) (holding that petitioner failed to exercise due diligence when, after he knew or should have known of his initial counsel's alleged ineffective assistance, he waited fourteen months to further pursue his case); *Jian Hua Wang v. BIA,* 508 F.3d 710, 715 (2d Cir. 2007) (holding that waiting 8 months after the receipt of documents through FOIA to file the motion to reopen did not demonstrate due diligence).

Dong additionally argues that the BIA abused its discretion in failing to reopen his removal proceedings because he did not receive the BIA's underlying decision due

3

to the BIA's failure to serve proper notice. Unlike motions to reopen/rescind an *in absentia* removal order, the operative question in reviewing the denial of reissuance where the alien alleged improper notice of a decision is not whether the petitioner *received* the agency's notice, but whether the agency *sent* the notice in conformity with normal office procedures. *See Ping Chen v. U.S. Att'y Gen.*, 502 F.3d 73, 75 (2d Cir. 2007). The agency's regulations require that a "decision of the Board shall be in writing and . . . a copy shall be served upon the alien or party affected," 8 C.F.R. § 1003.1(f), and provide that such service shall be given to "the attorney or representative of record, or the person himself if unrepresented," 8 C.F.R. §§ 292.5(a), 1292.5(a). *See also Ping Chen*, 502 F.3d at 76-77 ("Once the BIA has performed its duty of serving the order, the time for appeal and motions to reopen begins to run, even if the order miscarries in the mail or the alien does not receive it for some other reason that is not the BIA's fault.").

In the present case, the BIA abused its discretion in failing to address Dong's argument that the BIA did not properly send its decision to an appropriate party, when it

4

sent the decision to the address of the Porges Law Firm at a time when the BIA knew that Robert Porges had been expelled from practicing before the BIA. *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (holding that "[a]n abuse of discretion may be found . . . where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner" (citations omitted)).

Contrary to the government's contention, remand would not be futile because we cannot confidently predict, *see Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009); *Diallo v. U.S. Dept. Of Justice*, 548 F.3d 232, 235 (2d Cir. 2008), how the BIA will decide whether its underlying decision was sent to an "appropriate party" in a manner that satisfied its obligations, and whether any failure in that regard meant that the time limitation for filing a motion to reopen did not commence, *see Ping Chen*, 502 F.3d at 76-77; 8 C.F.R. §§ 1003.1(f), 1292.5(a).

For the foregoing reasons, the petition for review is DENIED in part and GRANTED in part, and remanded to the BIA for further proceedings consistent with this opinion.  As we have completed our review, any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk