Lin v. Holder

BIA
A072 782 548

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of October, two thousand thirteen.

PRESENT:
      JON O. NEWMAN,
      REENA RAGGI,
      RAYMOND J. LOHIER, JR.,
          *Circuit Judges.*

_____

FENG LIN,
      *Petitioner,*

      v.                      11-3771
                                 NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Chunyu Jean Wang, Wang Law Office, Flushing, New York.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; Luis E. Perez, Senior Litigation Counsel; Jane T. Schaffner, Trial Attorney, Office of

**Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Feng Lin, a native and citizen of the People's Republic of China, seeks review of a September 7, 2011, order of the BIA denying his motion to reopen. *In re Feng Lin*, No. A072 782 548 (B.I.A. Sep. 7, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam).

There is no dispute that Lin's motion, filed more than 15 years after the BIA's final order, was untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (setting 90-day deadline for motions to reopen). Lin argues that the BIA abused its discretion in denying his motion to reopen based on ineffective assistance of counsel, because it did not fully address whether his former counsel was ineffective or whether he was prejudiced by

2

counsel's conduct. *See Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994). However, in order to warrant equitable tolling of the statutory deadline on motions to reopen, such that his motion may be deemed timely filed, Lin was required to demonstrate that he exercised due diligence in vindicating his rights. *See Cekic v. INS*, 435 F.3d 167, 171 (2d Cir. 2006).

Here, the BIA did not abuse its discretion in determining that Lin failed to exercise due diligence. While Lin pursued other relief after 1997, apart from contacting his lawyer once, he did not show that he tried to learn the outcome of his appeal between 1995 and 2006, when he hired new counsel. Moreover, he did not explain why his newly retained counsel did not file a motion to reopen until 2011. *See Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008) (holding that petitioner failed to exercise due diligence when, after he knew or should have known of his initial counsel's alleged ineffective assistance, he waited fourteen months to pursue his case); *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007) (per curiam) (alien did not demonstrate due diligence when his attorney waited several months after the receipt of documents through FOIA to file the motion to reopen, years already "having passed after the normal 90-day time limit to

3

reopen had expired"). Because the BIA reasonably concluded that Lin did not establish due diligence, it was not required to address whether Lin's former counsel's conduct was competent or prejudiced Lin.

Lin additionally argues that the BIA should have reopened his proceedings and reissued its 1995 decision, because he did not receive a copy of that decision, which was served on his attorney. The BIA stated that it would not reopen Lin's proceedings because service on Lin's attorney was proper. While the BIA incorrectly stated in a footnote that Lin did not request reissuance, we conclude that remanding for this reason would be futile, both because service complied with governing regulations and because the BIA's decision not to reopen the proceedings would justify declining to reissue the decision. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006).

When an alien requests reissuance based on a claim that he did not receive proper notice of the BIA's decision, the operative question is whether the BIA *sent* the notice in conformity with normal office procedures. *See Ping Chen v. U.S. Att'y Gen.*, 502 F.3d 73, 75 (2d Cir. 2007) (per curiam). The regulations in place in 1995 required that the BIA serve

4

a copy of its decisions "upon the alien or party affected," and provided that such service shall be made on "the attorney or representative of record, or the person himself if unrepresented." 8 C.F.R. §§ 3.1(f), 292.5(a) (1995). Accordingly, the BIA properly served its 1995 decision by serving a copy on Lin's attorney,[1] and thus the time for Lin to file a motion to reopen began to run. *See Ping Chen*, 502 F.3d at 76-77 ("Once the BIA has performed its duty of serving the order, the time for appeal and motions to reopen begins to run, even if the order miscarries in the mail or the alien does not receive it for some other reason that is not the BIA's fault.").

Lin also argues that the BIA abused its discretion in summarily rejecting his argument relating to adjustment of status on the ground that the BIA did not have jurisdiction to adjudicate adjustment of status. However, this argument

---

[1] Lin argues that his case should be remanded based on this Court's non-precedential decision in *Xing An Dong v. Holder*, 420 F. App'x 76 (2d Cir. 2011) (unpublished summary order). However, *Xing An Dong* is inapposite. In that case, we remanded for the BIA to address whether serving a copy of its decision on an attorney who had been expelled from practicing before the BIA was proper service under the regulations. *Id.* at 78. Here, in contrast, in 1995, Lin's attorney, although employed by the same firm as the attorney at issue in *Xing An Dong*, was permitted to practice before the BIA.

mischaracterizes the BIA's decision. The BIA properly concluded that Lin's motion to reopen was untimely despite his pending application for adjustment of status, which is not an exception from the time limitation on motions to reopen. *See Ali*, 448 F.3d at 516-17; *Matter of Yauri*, 25 I. & N. Dec. 103, 105 (B.I.A. 2009). It also declined to reopen his proceedings *sua sponte*, but that determination was not based on its jurisdiction over Lin's application for adjustment of status, but on its conclusion that his case did not present exceptional circumstances. We do not have jurisdiction to review that "entirely discretionary" conclusion. *Ali*, 448 F.3d at 518.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court