Arrue v. Rosen

BIA
A205 309 541

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of January, two thousand twenty-one.

PRESENT:
JOSÉ A. CABRANES,
ROBERT D. SACK,
DENNY CHIN,
*Circuit Judges.*

_____

PABLO RAFAEL ARRUE,
*Petitioner,*

v.                                          **19-821**
**NAC**

JEFFREY A. ROSEN, ACTING UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Diana L. Castaneda, New York, NY.

FOR RESPONDENT:        Jeffrey Bossert Clark, Acting Assistant Attorney General; Mary Jane Candaux, Assistant Director; Nicole J. Thomas-Dorris, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Pablo Rafael Arrue, a native and citizen of Argentina, seeks review of a March 4, 2019, order of the BIA denying his motion to reopen and reissue. *In re Pablo Rafael Arrue,* No. A205 309 541 (B.I.A. Mar. 4, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Because Arrue timely petitions for review of the BIA's denial of his motion to reissue, but not from the underlying decision denying cancellation of removal, we may review only the denial of his motion. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89–90 (2d Cir. 2001). We apply the standards for a motion to reopen and review the denial of a motion to reissue for abuse of discretion. *See Ping Chen v. U.S. Att'y Gen.*, 502 F.3d 73, 75 (2d Cir. 2007).

It is undisputed that Arrue's 2018 motion to reopen and reissue was untimely because he filed it more than one year after his 2017 order of removal. *See* 8 U.S.C.

2

§ 1229a(c)(7)(C)(i) (providing 90-day deadline for motions to reopen); 8 C.F.R. § 1003.2(c)(2) (same); *see also Ping Chen*, 502 F.3d at 75. Arrue did not invoke any statutory or regulatory exceptions to the time limitation. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3).

Although the BIA may exercise its authority to reopen at any time despite the time limitation, *see* 8 C.F.R. § 1003.2(a), it "invoke[s] [its] sua sponte authority sparingly, treating it . . . as an extraordinary remedy reserved for truly exceptional situations." *In re G-D-*, 22 I. & N. Dec. 1132, 1133-34 (BIA 1999); *see In re J-J-*, 21 I. & N. Dec. 976, 984 (BIA 1997) ("The power to reopen on our own motion is not meant to be used as a general cure for filing defects or to otherwise circumvent the regulations, where enforcing them might result in hardship."). We lack jurisdiction to review the agency's "entirely discretionary" decision declining to reopen proceedings sua sponte. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

Although we may remand if the BIA "may have declined to exercise its sua sponte authority because it misperceived the legal background and thought, incorrectly, that a reopening

3

would necessarily fail, remand to the Agency for reconsideration in view of the correct law is appropriate," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009), the BIA did not misperceive the law. Rather, it decided in line with its precedent that its sua sponte authority is invoked "sparingly" and is not used, as Arrue sought, "as a general remedy for any hardships created by enforcement of the time . . . limits." *In re G-D-*, 22 I. & N. Dec. at 1133–34.

Contrary to Arrue's suggestion, he does not have a colorable due process claim because he has not established the requisite prejudice. *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) ("Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process."). Our jurisdiction to review the agency's underlying decision denying cancellation of removal for failure to establish the requisite hardship to a qualifying relative is limited to colorable constitutional claims and questions of law, 8 U.S.C. § 1252(a)(2)(B), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39–41 (2d Cir. 2008), and Arrue did not testify to hardship "substantially beyond

4

the ordinary hardship that would be expected when a close family member leaves this country," *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (BIA 2001).

For the foregoing reasons, the petition for review is DISMISSED.  All pending motions and applications are DENIED and stays VACATED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```