**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Alex Cerrato-Maradiaga,<br><br>Petitioner,<br><br>v.<br><br>Merrick B. Garland, U.S. Attorney General,<br><br>Respondent. | Nos. 21-453<br>21-534<br><br>Agency No. A029-154-257<br><br><br>MEMORANDUM* |

On Petition for Review of Orders of an
Immigration Judge

Submitted February 16, 2023**
San Francisco, California

Before: S.R. THOMAS, MILLER, and SANCHEZ, Circuit Judges.

Alex Cerrato-Maradiaga, a native and citizen of Honduras, petitions for review of an immigration judge's orders denying Cerrato's motions to reissue a decision affirming an asylum officer's determination that Cerrato did not have a reasonable fear of persecution or torture in Honduras. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petitions.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"A motion to reissue is treated as a motion to reopen." *Coyt v. Holder*, 593 F.3d 902, 904 n.1 (9th Cir. 2010) (quoting *Chen v. United States Att'y Gen.*, 502 F.3d 73, 75 (2d Cir. 2007) (per curiam)). We review the denial of a motion to reopen for abuse of discretion and uphold the immigration judge's decision unless it is "arbitrary, irrational, or contrary to law." *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008) (quoting *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002)).

1. In his brief, Cerrato does not contest any aspect of the immigration judge's first decision. He has therefore abandoned any challenge to the denial of his first motion to reissue. *See Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020).

2. Cerrato sought equitable exceptions to the time and number limits that would otherwise bar his second motion. *See* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.23(b)(1). The immigration judge denied equitable tolling for two reasons. First, the judge saw no authority for granting equitable tolling on account of Cerrato's alleged incompetency. Second, the judge observed that Cerrato's lawyer could have described Cerrato's incompetency in his first timely motion. Cerrato challenges the first reason but not the second. Because either reason was an independent basis for the decision, Cerrato's failure to preserve any challenge to the second ground forecloses his claim. *See Nguyen*, 983 F.3d at 1102.

21-453, 21-534

In any event, the record does not suggest that the vital information bearing on reissuance—Cerrato's alleged incompetency during the period for filing a petition—was unavailable to Cerrato's lawyer despite due diligence or because of circumstances beyond counsel's control. *See Perez-Camacho v. Garland*, 54 F.4th 597, 606 (9th Cir. 2022). The immigration judge did not abuse his discretion in concluding that "counsel's failure to investigate the claimed primary reason for Respondent's untimely petition" warranted denying equitable tolling.

3. Cerrato asserts that the immigration judge violated his due process rights by overlooking his arguments. To satisfy due process, the immigration judge need not write a lengthy analysis of every contention but must "consider the issues raised, and announce [the] decision in terms sufficient to enable a reviewing court to perceive that [the judge] has heard and thought and not merely reacted." *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (quoting *Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004)). The immigration judge's reasoning satisfied that requirement.

First, Cerrato argues that the immigration judge ignored his requests for a finding of incompetency or a competency hearing. To the contrary, the immigration judge grappled with Cerrato's claim of incompetency at some length. The judge acknowledged that, standing alone, Cerrato's evidence might have been persuasive but determined that the government's evidence refuted it. Although the judge did not expressly discuss Cerrato's request for a hearing, his

3

21-453, 21-534

reasoning shows that he considered a hearing unnecessary given the evidence against incompetency.

Second, Cerrato argues that the immigration judge ignored his declaration that he was denied medical treatment and was wrongly accused of malingering. That is incorrect. The immigration judge expressly referenced the declaration and Cerrato's statement that "he did not receive treatment" while in immigration custody. The judge sufficiently explained why he discounted the declaration: He found more persuasive the medical records showing that Cerrato received medical attention and did not exhibit signs of psychosis.

Third, Cerrato objects to the immigration judge's observation that Cerrato neglected to submit his untimely petition, which could have supported his claim. Cerrato contends that he did not prepare his petition by himself, so the petition could not have demonstrated his incompetency. But his declaration says only that he received "help filing the appeal." It does not indicate whether Cerrato played a role in its drafting. The immigration judge's observation did not misconstrue the record or violate due process.

The motions to stay removal are denied. (Case No. 21-453, Dkt. No. 4; Case No. 21-543, Dkt. No. 2). The temporary stay of removal is lifted.

**PETITIONS DENIED.**