Castro-Lopez v. Garland

BIA
McCarthy, IJ
A202 027 136

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of April, two thousand twenty-three.

PRESENT:
> REENA RAGGI,
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

SONIA LILIAN CASTRO-LOPEZ,
> *Petitioner,*

v.                                                    20-2570
                                                      NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Bruno Joseph Bembi, Hempstead, NY.

**FOR RESPONDENT:**          Brian Boynton, Acting Assistant
                              Attorney General; Brianne Whelan
                              Cohen, Senior Litigation Counsel;
                              Andrea N. Gevas, Trial Attorney,
                              Office of Immigration Litigation,
                              United States Department of
                              Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part for lack of jurisdiction and DENIED in part.

Petitioner Sonia Lilian Castro-Lopez, a native and citizen of Guatemala, seeks review of a July 28, 2020 decision of the BIA affirming an August 20, 2019 decision of an Immigration Judge ("IJ") denying her motion for the IJ to reissue its April 30, 2018 removal order with a current date so that she could timely appeal it to the BIA. *See In re Sonia Lilian Castro-Lopez*, No. A202 027 136 (B.I.A. July 28, 2020), *aff'g* No. A202 027 136 (Immigr. Ct. N.Y. City Aug. 20, 2019). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We have reviewed both the IJ's and the BIA's decisions denying Castro-Lopez's motion to reissue. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). "A

2

motion to reissue is treated as a motion to reopen," which we review for abuse of discretion. *Ping Chen v. U.S. Att'y Gen.*, 502 F.3d 73, 75 (2d Cir. 2007).

It is undisputed that Castro-Lopez's motion to reissue was untimely because she filed it in May 2019 — more than one year after the IJ issued its April 2018 removal order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (providing 90-day deadline for motions to reopen); 8 C.F.R. § 1003.23(b)(1) (same); *see also Ping Chen*, 502 F.3d at 75. It is further undisputed that Castro-Lopez received proper notice of the April 2018 removal order.

Castro-Lopez nevertheless urges that her untimely filing be excused because her attorney (who continues to represent her here) misplaced her case file. This argument really encompasses two: (1) that the agency erred in declining to exercise its *sua sponte* authority to reopen, and (2) that the agency erred by not equitably tolling the 90-day deadline based on counsel's mistake. *See Li Chen v. Garland*, 43 F.4th 244, 247 (2d Cir. 2022) ("Apart from § 1229a, the BIA also has the authority to reopen a case *sua sponte*."); *Iavorski v. U.S. INS*, 232 F.3d 124, 134–35 (2d Cir. 2000) (allowing agency

3

to toll time based on ineffective assistance of counsel). Neither argument has merit.

To the extent that Castro-Lopez challenges the agency's decision not to exercise its *sua sponte* authority to reopen, we lack jurisdiction to consider that "entirely discretionary" decision. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006); *see also Li Chen*, 43 F.4th at 251–53.*

As for Castro-Lopez's appeal to equity based on counsel's mistake, this court has held that the time for filing a motion to reopen "may be equitably tolled to accommodate claims of ineffective assistance of counsel." *Iavorski*, 232 F.3d at 134. But Castro-Lopez explicitly states that she did not allege ineffective assistance of counsel before the agency and does not raise such a claim here. Castro-Lopez has not identified any other cognizable basis for equitable tolling of the 90-day deadline for her motion. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (deeming petitioner to have abandoned a claim not raised in his brief).

---

* Whatever jurisdiction we might have to consider an agency decision based on a "misperce[ption of] the legal background," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009), that exception does not apply on the record here.

4

For the foregoing reasons, the petition for review is DISMISSED in part for lack of jurisdiction and DENIED in part. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court