23-6894
Caguana-Paucar v. Bondi

BIA
A202 077 084

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17ᵗʰ day of March, two thousand twenty-six.

PRESENT:
JOSEPH F. BIANCO,
BETH ROBINSON,
SARAH A. L. MERRIAM,
*Circuit Judges.*

_____

XIMENA PAULINA CAGUANA-PAUCAR,
*Petitioner,*

v.

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

23-6894
NAC

FOR PETITIONER:     Michael Borja, Borja Law Firm, P.C., Jackson Heights, NY.

FOR RESPONDENT:     Brian Boynton, Principal Deputy Assistant Attorney General; Leslie McKay, Senior Litigation Counsel; Keith I. McManus, Assistant Director, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ximena Paulina Caguana-Paucar, a native and citizen of Ecuador, seeks review of a July 10, 2023 decision of the BIA, denying her motion to reissue its prior decision dismissing her appeal of an Immigration Judge's ("IJ's") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Caguana-Paucar*, No. A 202 077 084 (B.I.A. July 10, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

Our review is limited to the BIA's decision declining to reissue because Caguana-Paucar's petition for review is timely only as to that decision, and a

motion to reissue does not render the BIA's prior decisions reviewable. *See* 8 U.S.C. § 1252(b)(1) (setting 30-day deadline for a petition for review); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (concluding that the Court was precluded from reaching underlying decision where petition was timely only as to denial of reopening).

While the 30-day deadline is not jurisdictional and can be waived or forfeited by the Government, *see Riley v. Bondi*, 606 U.S. 259, 272–77 (2025), the Government seeks to enforce the deadline here. Even assuming that equitable exceptions are available in some circumstances, Caguana-Paucar has not argued that such an exception applies here. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks and citation omitted)). Accordingly, Caguana-Paucar's challenges to the IJ's decision are beyond the scope of our review.

We review the denial of a motion to reissue for abuse of discretion. *See Ping Chen v. U.S. Att'y Gen.*, 502 F.3d 73, 75 (2d Cir. 2007). However, as the Government

3

points out, Caguana-Paucar's brief fails to articulate a challenge to the BIA's denial of that motion. Any such challenge has thus been abandoned, and Caguana-Paucar's petition is therefore denied. *See Debique*, 58 F.4th at 684.

Given the deficiencies in briefing by Caguana-Paucar's counsel, Michael Borja, a copy of this order will be forwarded to this Court's Grievance Panel. The brief mischaracterizes the decision under review—the BIA's denial of the motion to reissue—as a decision dismissing an appeal from an IJ decision, Petitioner's Br. at 1, 3, 5, and presses no arguments about the denial of reissuance.

4

For the foregoing reasons, the petition for review is DENIED.  All pending

motions and applications are DENIED and stays VACATED.[1]

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court

---

[1] Petitioners may seek to file with the BIA a motion to reopen removal proceedings based on ineffective assistance of counsel before the IJ or the BIA.  We express no opinion as to whether Petitioners have potentially successful claims for asylum, withholding of removal, or protection under the CAT if the BIA does reopen the proceedings, nor as to whether this case would warrant equitable tolling of the deadline for filing a motion to reopen.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (requiring motion to reopen be filed no later than 90 days after the final administrative decision); *Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008) ("[I]neffective assistance of counsel can . . . afford an alien additional time beyond the limitations period for a motion to reopen and relieve a petitioner from the numerical bar.").  Parties seeking equitable tolling, meaning additional time beyond the ninety-day period to file a motion to reopen, must show that (1) counsel's performance was so ineffective that it impinged upon the fundamental fairness of the hearing, and (2) they have exercised due diligence in pursuing their claims.  *Rashid*, 533 F.3d at 130–31.

In addition, an individual claiming ineffective assistance of counsel in removal proceedings must substantially comply with procedures laid out in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). Specifically, they must file the following with the BIA: "(1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the alien notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the alien filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so."  *Twum v. INS*, 411 F.3d 54, 59 (2d Cir. 2005) (quotation marks omitted).

5